FILED

JUL 29 2016

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AMICA MUTUAL INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN MOMII, THE ESTATE OF JEANETTE FAUN WONG, LEIGH MOMII, ROBIN MOMII, THE ESTATE OF WESLEY JOHNSON, JUSTIN FOSTER and NATIONAL CASUALTY CO., <br><br> Defendants. | CV 16-24-BLG-SPW <br><br> OPINION and ORDER |

Plaintiff Amica Mutual Insurance Co. ("Amica") initiated this interpleader action. Amica moves for an order restraining the defendants from maintaining separate actions against its insured Steven Momii ("Momii"). Except for the Estate of Wesley Johnson ("Johnson Estate"), the defendants do not object. For the following reasons, the Court grants Amica's motion and restrains the claimants from prosecuting any separate action. The Court also declines to require Amica to deposit the insurance proceeds with the Clerk of Court or post a surety bond.

1

## I. Background

On July 6, 2015, Defendant Momii was driving a rental car on a highway in Carbon County, Montana. With Momii were his wife, Jeannette Faun Wong, and his adult daughters Robin Momii and Leigh Momii. Proceeding in the opposite direction on the highway was a vehicle driven by Justin Foster. Wesley Johnson was a passenger in Foster's vehicle. Momii's vehicle crossed the centerline and collided with Foster's vehicle. Johnson and Wong sustained fatal injuries in the crash, and everybody else in the vehicles sustained injuries. Momii admits liability for causing the accident. (*Stipulations*, Doc. 24 at 3.)

Amica covered Momii with a personal auto policy and a personal umbrella liability policy at the time of the crash. The rental vehicle operated by Momii was insured by National Casualty Company. (*Id.* at 3-4.)

The Johnson Estate filed a personal injury suit against Momii in this Court on February 25, 2016 ("Johnson Action"). *James Johnson and Gayla Johnson, Co-Personal Representatives of the Estate of Wesley James Johnson v. Steven T. Momii*, CV 16-14-BLG-SPW. The Court has issued a Scheduling Order in the Johnson Action with a discovery deadline of April 14, 2017, and a motions deadline of May 19, 2017. The Court has not set a trial date.

On March 16, 2016, Amica filed the instant action as an interpleader under Fed. R. Civ. P. 22 ("Interpleader Action"). Amica acknowledges that Momii's

2

policy limits of at least $4.5 million may not be sufficient to resolve all of the claims arising from the crash. Amica requests that the Court apportion the policy proceeds among the Estate of Jeannette Wong, Leigh Momii, Robin Momii, Justin Foster, and the Johnson Estate (collectively "Claimant Defendants"). The Court allowed Justin Foster's wife to intervene and assert a loss of consortium claim. Momii is also named as a defendant in the Interpleader Action. The Court issued a Scheduling Order in the Interpleader Action with a discovery deadline of March 17, 2017, and a motions deadline of April 17, 2017. Amica has not deposited any funds with the Court.

## II. The Parties' Arguments

Relying upon 28 U.S.C. § 2361, Amica moves for an injunction and order restraining the Claimant Defendants from instituting or prosecuting separate lawsuits against Momii related to the accident at issue. Amica argues that an injunction would ensure that the insurance proceeds would be equitably distributed to the Claimant Defendants. Amica contends that allowing separate actions to continue, such as the Johnson Action, could lead to one of the Claimant Defendants gaining an advantage over other Claimant Defendants or lead to inconsistent results. Momii separately filed briefs supporting Amica's position and asserts that the Johnson Action should be stayed until the Interpleader Action is resolved and the insurance proceeds have been equitably distributed. Momii notes

that the Johnson Estate can pursue claims against Momii after the Interpleader Action is finished. The Estate of Jeannette Fong, Leigh Momii, and Robin Momii also support Amica's position.

The Johnson Estate opposes Amica's motion. The Johnson Estate acknowledges that Fed. R. Civ. P. 22 does not require Amica to deposit the policy amount with the Court. However, the Johnson Estate points out that 28 U.S.C. § 1335 requires an interpleading party to deposit the amount in controversy with the Court. The Johnson Estate argues that before an injunction can be granted pursuant to § 2361, the interpleading party must comply with the requirements of § 1335. Alternatively, the Johnson Estate argues that Amica is not entitled to an injunction unless it complies with the requirements of Fed. R. Civ. P. 65(c) by posting a surety bond for the insurance proceeds. The Johnson Estate also argues that it would be more efficient to simultaneously litigate the Johnson Action and the Interpleader Action and simply delay the trial in the Johnson Action until the insurance issues are resolved. Finally, the Johnson Estate argues that if the Court is inclined to grant the injunction, the Court should review Momii's net worth *in camera* and order him to post a reasonable surety.

**III. Analysis**

There are two types of interpleader actions. *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). First, a party can invoke Fed. R. Civ. P.

22 (rule interpleader). Rule 22(a)(1) provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." To bring a rule interpleader, there must be a separate statutory basis for federal jurisdiction. *Gelfgren*, 680 F.2d at 81. A deposit of the disputed funds is not required under Rule 22. *Id.* The second option is an interpleader under 28 U.S.C. § 1335 (statutory interpleader). In addition to other differences with a rule interpleader, the deposit of the disputed funds is a jurisdictional requirement for a statutory interpleader. 28 U.S.C. § 1335(a); *Gelfren*, 680 F.2d at 81-82.

Here, Amica initiated a rule interpleader. Amica relied upon Rule 22 in its Complaint for Interpleader and invokes this Court's diversity jurisdiction  Amica does not mention § 1335 in its Complaint, nor has it deposited the funds as required for a statutory interpleader.

## A. Injunction

Amica seeks an order restraining other actions against Momii under 28 U.S.C. § 2361, which provides:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

However, § 2361 is unavailable to plaintiffs bringing rule interpleaders. *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 706 (7th Cir. 1991). An injunction under § 2361 is only available in statutory interpleaders where the jurisdictional requirements have been met. *Primerica Life Ins. Co. v. Grim*, 2009 WL 3297481, at *3 (W.D. Wash. Oct. 13, 2009); *see also Metro. Life Ins. Co. v. Probst*, 2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) ("Section 2361 applies only to statutory interpleader actions brought under 28 U.S.C. § 1335"). As Amica brought this action as a rule interpleader and has not meet the jurisdictional requirements of a statutory interpleader, § 2361 cannot form the basis for an injunction.

Even without the aid of § 2361, courts can still enjoin related actions in rule interpleaders. Courts can employ the standards of 28 U.S.C. § 2283 and Fed. R. Civ. P. 65. *Life Ins. Co. of N. Am. v. Thorngren*, 2005 WL 2387596, at *4 (D. Idaho Sept. 27, 2005). Equity principles can also support an injunction to prevent claimants from pursuing separate actions. *Grim*, 2009 WL 3297481, at *3. Courts may restrain parties "when there is an actual threat to either the stakeholder or the proceedings currently before the court." *Thorngren*, 2005 WL 2387596, at *4. This standard may be met when the prosecution of separate actions creates a "likelihood of costly and judicially wasteful relitigation of claims and issues[.]" *Trustees of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (N.D.

6

Cal. 2009); *see also Aristud-Gonzalez v. Gov't Dev. Bank for Puerto Rico*, 501 F.3d 24, 27 (1st Cir. 2007) ("Injunctive relief incident to an interpleader action is also common—the whole purpose being to avoid inconsistent results in separate lawsuits.") (citing *Corcoran*, 921 F.2d at 707).

The Court finds that issuing an order restraining the Claimant Defendants would help avoid inconsistent results, conserve judicial resources, and aid in the equitable distribution of Momii's insurance policies. Momii has admitted liability for the accident, leaving only the question of causation and damages to be resolved. The damages will be paid from, at least partially, Amica's policies with Momii.

The Interpleader Action and the Johnson Action present similar legal issues. In the Interpleader Action, the Johnson Estate indicated in its Preliminary Pretrial Statement that it believes that Momii's family members cannot recover under Momii's umbrella liability policy. (Doc. 16 at 12-13.) The Johnson Estate also anticipates coverage issues to arise in the Johnson Action. In its Preliminary Pretrial Statement in the Johnson Action, the Johnson Estate stated, "**Stacking the liability coverage must be resolved prior to mediation.**" (Doc. 16 at 17 (emphasis in original).) The Court finds that it would be more convenient and efficient to decide all coverage issues in a single case. By proceeding in only the Interpleader Action, all the relevant parties can argue their positions regarding

insurance coverage. It would also help prevent inconsistent decisions between the Johnson and Interpleader Actions.

Staying the Johnson Action and other future proceedings will help ensure an equitable distribution of the insurance proceeds. The damages sustained by the Claimant Defendants are likely more than Momii's policy limits' with Amica. Preventing a race by the Claimant Defendants to obtain and execute a judgment against Momii's insurance policy will help preserve those funds for an equitable distribution.

Finally, issuing the injunction will not prevent the Johnson Estate and the rest of the Claimant Defendants from pursuing recovery against Momii's assets beyond what they receive from the insurance policies. The Johnson Estate may resume its action against Momii at the conclusion of the Interpleader Action. Since most of the discovery and legal issues in the Johnson Action will overlap with the Interpleader Action, the Court will likely be able to set a trial date relatively quickly in the Johnson Action.

In sum, the Court exercises its discretion and restrains the Claimant Defendants from pursuing separate actions against Momii. The Court finds this injunction necessary to preserve the insurance proceeds, promote judicial economy, and avoid inconsistent results.

## B. Requiring the Deposit of Funds or Posting a Surety

The Johnson Estate asks this Court to require Amica to deposit the funds with the Court or post a surety before it issues an injunction. In support of their argument, the Johnson Estate relies upon § 1335 and Fed. R. Civ. P. 65(c). The Court finds that neither authority requires Amica to deposit the funds or post a surety.

As discussed above, § 1335 provides the jurisdictional requirements of a statutory interpleader. The Johnson Estate contends that Amica should be required to comply with § 1335 before getting the benefit of an injunction under § 2361. However, Amica initiated a rule interpleader; therefore, the provisions of § 1335 and § 2361 do not apply.

The Court is also not persuaded by the Johnson Estate's reliance on Fed. R. Civ. P. 65(c). Rule 65(c) provides:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

"Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, *if any.*" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (emphasis in original) (internal quotation omitted). A court may decline to require a bond if "there is no realistic

9

likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

The Court finds that there is no realistic likelihood that the Johnson Estate will be harmed by enjoining the Johnson Action. As discussed above, the Johnson Estate will still receive an equitable portion of Momii's insurance proceeds. Further, the injunction only temporarily delays the Johnson Action. The Johnson Estate may still pursue Momii's personal assets at the conclusion of the Interpleader Action.

Similarly, the Court finds that the Johnson Estate does not cite persuasive authority to require Momii to personally post a bond. While Momii supports staying the Johnson Action, Amica is the party actually seeking the injunction. The Court declines to conduct an *in camera* review of Momii's personal net worth or require Momii to post a surety bond.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Amica's Motion for Injunction (Doc. 25) is GRANTED. The Claimant Defendants shall not institute or prosecute separate lawsuits against Momii related to the accident at issue.

DATED this 29th day of July, 2016.

                                                                     */s/ Susan P. Watters*
                                                                     SUSAN P. WATTERS
                                                                     United States District Judge