FILED

OCT 13 2016

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN T. MOMII, THE ESTATE OF JEANETTE FAUN WONG, LEIGH MOMII, ROBIN MOMII, THE ESTATE OF WESLEY JOHNSON, JUSTIN FOSTER, AND NATIONAL CASUALTY COMPANY,<br><br>Defendants. | CV 16-24-BLG-SPW<br><br>OPINION AND ORDER |

Defendant Estate of Wesley Johnson ("Estate of Johnson") moves the Court for an order compelling Plaintiff Amica Mutual Insurance Company ("Amica") to answer discovery requests. (Doc. 44). Johnson also requests attorney's fees expended to bring the motion. (Doc. 45 at 8). For the reasons discussed below, Johnson's Motion to Compel and for attorney's fees is GRANTED.

I.  **Facts.**

On July 6, 2015, Steven Momii, his wife Jeanette Faun Wong, and their daughters, Leigh Momii and Robin Momii, were in a car accident with Wesley Johnson and Justin Foster. (Doc. 24 at 3). Everyone in the crash suffered injuries;

1

Johnson and Wong suffered fatal injuries. Steven Momii admitted liability for causing the accident. (Doc. 24 at 3). Amica covered Steven Momii with a personal auto policy and a personal umbrella liability policy at the time of the crash. The vehicle driven by Steven Momii was a rental insured by National Casualty Company. (Doc. 24 at 3-4).

Amica filed the instant action as an interpleader under Fed. R. Civ. P. 22. Amica acknowledged that its policy limits of at least $4.5 million may not be sufficient to resolve all of the claims arising from the crash. Amica requested the Court apportion the policy proceeds among the several Defendants.

The Estate of Johnson issued discovery requests on May 10, 2016. The relevant discovery requests, and Amica's responses, are as follows:

**INTERROGATORY NO. 2**: List in detail any and all investigations conducted by you or on your behalf, including your agents into the facts and circumstances surrounding the wreck that occurred on July 6, 2015, and which forms the basis of this lawsuit. Please identify each and every individual conducting such an investigation by name, occupation and employer, your affiliation with each identified individual and a concise summary of the facts given to any such investigator(s) upon which to base their investigation.

**ANSWER**: Interrogatory No.2 is objected to on the grounds and for the reason that said Interrogatory seeks information which is deemed work product, and is not subject to discovery pursuant to Rule 26(b)(3)(A) Fed.R.Civ.P.

**REQUEST FOR PRODUCTION NO.1**: Produce any and all reports or documentations obtained by you that resulted from any investigation identified in the immediately preceding interrogatory.

**RESPONSE**: Request for Production No. 2(sic) is objected to on the grounds and for the reason that said discovery request seeks information which is deemed work product and is not subject to discovery pursuant to Rule 26(b)(3)(A) Fed.R.Civ.P.

**REQUEST FOR PRODUCTION NO. 3**: Produce any and all copies of payments made to the individuals identified in the formation of your answer to the immediately preceding interrogatory.

**RESPONSE**: Request for Production No.3 is objected to on the grounds and for the reason that said discovery request seeks work product not subject to discovery pursuant to Rule 26(b)(3)(A) Fed.R.Civ.P.

**REQUEST FOR PRODUCTION NO.4**: Produce all demands made by Justin Foster, Leigh Momii, Robin Momii, and the Estate of Jeannette Wong sent to Amica.

**RESPONSE**: Request for Production No.4 is objected to on the grounds and for the reason that said discovery request seeks work product not subject to discovery pursuant to Rule 26(b)(3)(A) Fed.R.Civ.P.

**REQUEST FOR PRODUCTION NO.9**: Please produce emails and correspondence Amica and its counsel, Lyman (Bill) Bennett, III, had between:

1. Geoffrey Keller

2. Ryan Gustafson

3. Carey Matovich

4. Guy Rogers

5. Jon Wilson

6. Kevin Funyak

7. Jalie Meinecke

Paralegals and legal secretaries from:

1. Brown Law Firm

2. Keller and Matovich Law Firm

4

>    3. Stacey, Funyak, Kautz Law Firm.
>
>    **RESPONSE**: Request for Production No. 9 is objected to on the grounds and for the reason that said discovery requests seeks discovery of work product, not subject to discovery pursuant to the provisions of Rule 26 (b)(3)(A).

To date, Amica has not provided the Estate of Johnson with a privilege log identifying the documents or information withheld and has not explained why the documents or information are protected under the work-product doctrine. Prior to filing this motion to compel, the Estate of Johnson sent Amica detailed correspondence explaining the deficiencies in Amica's discovery responses. Amica did not respond. (Doc. 45). As a result, this Court issued an Order giving the Estate of Johnson leave to file a motion to compel to resolve the dispute. (Doc. 42).

## II. Legal standard.

A party may move for an order compelling an answer, designation, production, or inspection if a party fails to answer interrogatories submitted under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). If the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including

5

attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The court cannot order payment of reasonable expenses if the opposing party's objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii-iii).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Likewise, a party may request another party to produce material within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The scope of Rule 26(b) is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)'s broad scope of permissible discovery is limited by, among other things, the attorney work product doctrine. Fed. R. Civ. P. 26(b)(3). To qualify for work-product protection, documents must (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or its representative." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(3)). A party that withholds otherwise discoverable information under the work-product

doctrine must (1) "expressly make the claim"; and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i-ii). Failure to follow Rule 26(b)(5)'s requirements may result in waiver of the privilege. *BNSF v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). To determine waiver, a district court makes a case-by-case determination, taking into account the following factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process.

*BNSF*, 408 F.3d at 1149.

### III. Amica waived its work-product objection because it did not provide a privilege log and has not otherwise identified the information in its possession that is protected work-product or stated the reason the information is protected work-product.

Before the Court conducts the waiver analysis, it addresses Amica's argument that the requested material is outside the scope of Rule 26(b). First,

7

Amica raises this objection for the first time in its brief. Amica did not object to the material on relevance grounds in its responses to the Estate of Johnson's discovery requests. (Doc. 45-1). Second, given that the question in this action is how the available coverage will be apportioned amongst the several injured parties, and the myriad of issues that question presents, the Court finds the Estate of Johnson's discovery requests detailed in its motion to compel are within Rule 26(b)'s broad scope. Absent a valid claim of privilege, Amica was required to disclose the material.

Turning to the waiver analysis, Amica's boilerplate objections were enough to preserve its claim of work-product privilege—for a time. However, the boilerplate objections became deficient in the five months that have elapsed without Amica offering any substantive support for the objections. The *BNSF* factors all weigh against Amica. The boilerplate objections provide neither the Court nor the Estate of Johnson any way of evaluating Amica's work-product objections. Amica has not timely supplied any accompanying information in the five months since it made the boilerplate objections. None of the Estate of Johnson's requests appear unduly burdensome. Therefore, Amica has waived its work-product objections to the requested material. The lone exception is the communications between Amica and the Brown Law Firm, which Amica argues in its brief are protected as work-product because Amica hired Brown Law Firm to

8

defend its insured, Steven Momii, in the underlying suit. Although Amica's argument is untimely, it provides the Court with a satisfactory explanation of the work-product doctrine's protection of those particular communications.

### III. Amica must pay the Estate of Johnson's attorney's fees expended to bring the motion to compel because Amica's objections were not substantially justified.

Amica offers no argument that its objections were substantially justified or that an award of attorney's fees would be unjust. Because the Court has concluded the requested material was within Rule 26(b)'s scope, and that Amica waived its work-product objections to the requested material, the Court orders Amica must pay the Estate of Johnson's attorney's fees expended to bring this motion to compel.

### IV. Conclusion

For the reasons set forth above, the Estate of Johnson's Motion to Compel (Doc. 44) is GRANTED.

IT IS FURTHER ORDERED that Amica will respond to, and produce, the requested discovery within 30 days of the date of this Order and supplement any response or production as required under Fed. R. Civ. P. 26(e)(1);

IT IS FURTHER ORDERED that Amica will pay the Estate of Johnson's attorney's fees expended in bringing this motion to compel (Doc. 44);

IT IS FURTHER ORDERED that the Estate of Johnson will file a financial affidavit and itemized bill of fees and costs expended in bringing this motion to compel within 14 days of the date of this Order.

IT IS FURTHER ORDERED that Amica has 7 days from the date the Estate of Johnson files its financial affidavit to file objections to the attorney's fees and costs.

DATED this 13th day of October, 2016.

SUSAN P. WATTERS
United States District Judge